UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. and PATRICK HENDRY, as President of the Police Benevolent Association of the City of New York, Inc., <br><br> Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK, NEW YORK CITY CIVILIAN COMPLAINT REVIEW BOARD, SHERENE CRAWFORD, in her official capacity as Interim Chair of the New York City Civilian Complaint Review Board, and JONATHAN DARCHE, in his official capacity as Executive Director of the New York City Civilian Complaint Review Board, <br><br> Defendants. | Civil Action No. 26-CV-3243-VSB-KPH |

## PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

### Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on June 30, 2026** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2.        **Summary of Claims, Defenses, and Relevant Issues**

Plaintiffs:

Plaintiffs are the union representing police officers in the New York City Police Department and the union's president. Plaintiffs assert claims for violation of police officers' due process rights under the U.S. and New York Constitutions. Plaintiffs allege that defendant New York City Civilian Complaint Review Board ("CCRB") – a New York City agency responsible for investigating and making disciplinary recommendations for certain complaints against police officers – has a policy of disseminating, for upload into a third-party online database, records of unsubstantiated complaints, together with officer identifying information. At issue in this case are three categories of complaints constituting inflammatory, stigmatizing unsubstantiated allegations against officers – namely, alleged sexual misconduct (including sexual assault and rape), racial bias/profiling, and false official statements ("Stigmatizing Unsubstantiated Complaints"). CCRB has admitted that the dissemination of these categories of unsubstantiated complaints is very prejudicial to police officers, and for purposes of CCRB's own database, it replaces the stigmatizing accusation with a neutral categorization. Yet, CCRB disseminates these accusations, together with officer identifying information, in response to FOIL requests, knowing that the information is being uploaded to a perpetual, searcharble third-party online database (50-a.org). Officers are not given notice that such Stigmatizing Unsubstantiated Complaints are being disclosed by CCRB; are not give any opportunity to object to such disclosure; are not afforded any name clearing hearing; and have no ability to remove their information from the online database. As such, CCRB is damaging the reputations, safety, and employment prospects of officers without due process – notwithstanding that CCRB has easy, readily-available means to mitigate such harm: redact officer identifying information for Stigmatizing Unsubstantiated Complaints or use neutral categorization for Stigmatizing Unsubstantiated Complaints as CCRB already does for its own database.

Defendants:

Plaintiffs' claim is barred by res judicata because the PBA, which was one of the union plaintiffs in *Uniformed Fire Officers Assn. v. De Blasio*, 20-CV-05441 (KPF), raised the same due process argument in that action, which was rejected by Judge Failla and affirmed by the Second Circuit.

Moreveor, Plaintiffs cannot plead a stigma plus claim.  There is no falsity because the records at issue, released pursuant to Defendants' statutory obligations under FOIL, merely reflect the filing of a civilian complaint against a police officer and CCRB's disposition with respect to that complaint.  Nor is there any tangible interest being implicated because it is well-settled that diminished future employment opportunities resulting from damaged reputation, if any, are insufficient to implicate a tangible interest.

3.  **Basis of Subject Matter Jurisdiction:**

Federal question (28 U.S.C. §§ 1331 and 1367), because Plaintiffs assert a claim under the U.S. Constitution and 42 U.S.C. § 1983.

4.  **Subjects on Which Discovery May Be Needed**

Plaintiff(s): Discovery sought from Defendants may include, without limitation: Defendants' policies and procedures for not disseminating Stigmatizing Unsubstantiated Complaints in Defendants' own database and reasons for same; Defendants' policies and procedures for disseminating Stigmatizing Unsubstantiated Complaints in response to FOIL requests and reasons for same; FOIL requests and other requests Defendants have received for Stigmatizing Unsubstantiated Complaint and Defendants' responses to same, including to whom Defendants have disseminated Stigmatizing Unsubstantiated Complaints; Defendants' awareness of police officer disciplinary records disclosed by Defendants being uploaded to 50-a.org; Defendants' policies and procedures for not affording police officers notice and/or an opportunity to object before Defendants disseminate Stigmatizing Unsubstantiated Complaints and reasons for same; CCRB policies and procedures regarding its complaint intake, investigation, and disposition process.

Plaintiffs also anticipate they may require discovery from third parties, such as the owners/operators of 50-a.org, including, without limitation, with respect to the sources of Stigmatizing Unsubstantiated Complaints on that database and communications with Defendants.

Defendant(s):  Defendants anticipate seeking discovery regarding union officers' job search efforts, including where they applied for any part-time positions jobs and any decisions on their applications.

5.  **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be

3

*disclosed by Plaintiff(s)* on July 17, 2026. In addition, on July 31, 2026, Plaintiffs will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be *disclosed by Defendant(s)* on July 17, 2026. In addition, on July 31, 2026, Defendants will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

**6.    Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by December 31, 2026.

*The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.*

a.        Depositions: Depositions shall be completed by December 31, 2026 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b.        Interrogatories: Initial sets of interrogatories shall be served on or before July 31, 2026. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c.        Requests for Admission: Requests for admission must be served on or before November 30, 2026.

d.        Requests for Production: Initial requests for production will be exchanged on July 31, 2026 and responses shall be due on

September 11, 2026. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e.    Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**7.    Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Not at this time.

**8.    Amendments to Pleadings**

a.    Are there any amendments to pleadings anticipated? Any potential amendments may be subject to discovery.

b.    Last date to amend the Complaint:  Plaintiff may amend Complaint to conform to discovery within 30 days after the close of fact discovery.

9.    **Joinder of Parties**

a.    Are there other necessary parties that need to be joined? No

b.    Is joinder of other parties anticipated? Any potential joinder of parties may be subject to discovery.

c.    Last date to join other parties: September 7, 2026

10.    **Expert Witness Disclosures**

At this time, the parties <u>do</u> (circle one) anticipate utilizing experts. Expert discovery shall be completed by January 29, 2027.

11.    **Electronic Discovery and Preservation of Documents and Information**

a.    Have the parties discussed electronic discovery? Yes

b.    Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? August 7, 2026

c.    Are there issues the parties would like to address concerning preservation of

evidence and/or electronic discovery at the Initial Case Management Conference?

Not at this time.

12.    **Anticipated Motions**

Defendants anticipate making a motion to dismiss. Parties anticipate summary judgment
following close of fact discovery.

13.    **Early Settlement or Resolution**

The parties <u>have not</u> (circle one) discussed the possibility of settlement. The

parties request a settlement conference by no later than January 29, 2027.

The following information is needed before settlement can be discussed: N/A

14.    **Trial**

a.    The parties anticipate that this case will be ready for trial by April 2027,
subject to post-discovery summary judgment motions.

b.    The parties anticipate that the trial of this case will require 7 days.

c.    The parties request a <u>jury</u> (circle one) trial.

d.    The parties do <u>not</u> consent (circle one) to Magistrate Judge

jurisdiction at this time.

15.    **Other Matters**

N/A

6

7

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this 30th day of June, 2026.

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

| | |
|---|---|
| Matthew C. Daly<br>SPENCER FANE LLP<br>711 Third Avenue, 17th Floor<br>New York, NY 10017<br>(212) 907-7329<br>mdaly@spencerfane.com | Hanh H. Le<br>NEW YORK CITY LAW DEPARTMENT<br>100 Church Street<br>New York, NY 10007<br>(212) 356-2695<br>hale@law.nyc.gov |

7