**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

POLICE BENEVOLENT ASSOCIATION OF THE
CITY OF NEW YORK, INC. et al.,

                                 Plaintiffs,

                     -against-

CITY OF NEW YORK, et al.,

                                Defendants.
------------------------------------------------------------------X

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:__7/8/2026__ |

**26-CV-3243 (VSB) (KHP)**

**POST INITIAL CASE**
**MANAGEMENT CONFERENCE**
**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On **Tuesday, July 07, 2026** the parties appeared before the undersigned for an Initial Case Management Conference.  After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.**  The parties shall have until **January 31, 2027**, to amend the pleadings and join parties.  No further amendments or joinder of parties thereafter absent good cause.

**Discovery.**   The Court adopts the parties' joint proposed case management plan at ECF No. 28: The deadline to complete fact discovery is **December 31, 2026**. Depositions are due by **December 31, 2026** and the parties will be limited to ten depositions each.  The parties shall serve initial interrogatories by **July 31, 2026**, and no interrogatories may be served after **November 30, 2026**.  Requests for production shall be served by **July 30, 2026**, and no requests for production may be served after **November 30, 2026**.  Requests for admission shall be

served by **November 30, 2026**.  Expert discovery shall be completed by **January 29, 2027**.  The

parties shall have an ESI protocol in place by **August 7, 2026**.

**Motion to Dismiss Briefing Schedule.** Defendants' motion to dismiss is due **July 10,**

**2026**.  Plaintiffs' opposition is due **August 19, 2026**.  Defendants' reply is due **September 2,**

**2026**.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with

respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the

conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules

34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes

regarding overbreadth and specificity of requests and responses.  A failure to comply with this

responsibility carries serious consequences.  Requests for any and all documents on a broad

topic are presumptively improper.  Likewise, courts have held that an objection that does not

appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*,

No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14

Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that

does not comply with Rule 34's requirement to state objections with specificity (and to clearly

indicate whether responsive material is being withheld on the basis of objection) will be

deemed a waiver of all objections (except as to privilege).").

**Status Letter.**  In lieu of scheduling a case management conference, the Court requests

a status letter update by **September 7, 2026**.  In that letter the parties will also indicate whether they wish to schedule a settlement conference in this matter.

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED:      New York, New York
            July 8, 2026

KATHARINE H. PARKER
United States Magistrate Judge

3