26-CV-3243-VSB-KHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POLICE BENEVOLENT ASSOCIATION
OF THE CITY OF NEW YORK, INC. and
PATRICK HENDRY, as President of the
Police Benevolent Association of the City of
New York, Inc.,

Plaintiffs,

-against-

CITY OF NEW YORK, NEW YORK CITY
CIVILIAN COMPLAINT REVIEW BOARD,
SHERENE CRAWFORD, in her official capacity as
Interim Chair of the New York City Civilian Complaint
Review Board, and JONATHAN DARCHE, in his
official capacity as Executive Director of the New York
City Civilian Complaint Review Board,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, N.Y.  10007

*Of Counsel:  Hanh H. Le*
*Tel:  (212) 356-2695*
*hale@law.nyc.gov*
*Matter No.: 2026-034361*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................II

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

        The Prior Action ...................................................................................... 2

        The Instant Action ................................................................................... 4

STANDARD OF REVIEW ................................................................................................... 4

ARGUMENT ........................................................................................................................ 5

        POINT I ................................................................................................... 5

        PLAINTIFFS' CLAIMS ARE BARRED BY RES
        JUDICATA .............................................................................................. 5

        POINT II .................................................................................................. 7

        PLAINTIFFS FAIL TO STATE A STIGMA-PLUS
        CLAIM ..................................................................................................... 7

        A.   The Records at Issue Are Not False ..................................................... 8

        B.   There Is No Tangible, Government-Imposed
            Burden.................................................................................................. 10

        C.   No Proximity Between any Purported "Stigma"
            and "Plus" ............................................................................................ 11

        POINT III ................................................................................................. 13

        PLAINTIFFS ARE NOT ENTITLED TO
        DECLARATORY RELIEF ..................................................................... 13

CONCLUSION..................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                    **Page(s)**

Ashcroft v. Iqbal,
    556 U.S. 662 (2008)..............................................................................................................4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..............................................................................................................4

Brodsky v. N.Y.C. Campaign Fin. Bd.,
    796 F. App'x 1 (2d Cir. 2019) ..............................................................................................5

Brown Media Corp. v. K&L Gates, LLP,
    854 F.3d 150 (2d Cir. 2017)..................................................................................................5

Burgos Vega v. Lantz,
    596 F.3d 77 (2d Cir. 2010)..................................................................................................10

Carter v. Inc. Village of Ocean Beach,
    759 F.3d 159 (2d Cir. 2014)..................................................................................................6

Chase Manhattan Bank, N.A. v. Celotex Corp.,
    56 F.3d 343 (2d Cir. 1995)................................................................................................5, 7

Davis v. Boeheim,
    24 N.Y.3d 262 (2014) ..........................................................................................................9

DiBlasio v. Novello,
    344 F.3d 292 (2d Cir. 2003)..................................................................................................7

Dillon v. City of New York,
    261 A.D.2d 34 (1st Dep't 1999) ...........................................................................................9

Doe v. Dep't of Pub. Safety ex rel. Lee,
    271 F.3d 38 (2d Cir. 2001),
    rev'd on other grounds,
    Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003).....................................................7, 11

Dolcine v. Hanson,
    17-CV-4835 (VEC), 2021 U.S. Dist. LEXIS 46950
    (S.D.N.Y. Mar. 12, 2021) ............................................................................................7, 8, 12

Dow Jones & Co. v. Harrods Ltd.,
    346 F.3d 357 (2d Cir. 2003)................................................................................................13

**Cases**                                                                                                              **Pages**

Esposito-Cogan v. E. Haven Bd. of Educ.,
    3:07-cv-681 (CFD), 2009 U.S. Dist. LEXIS 28994
    (D. Conn. Mar. 30, 2009)......................................................................................12, 13

Filteau v. Prudenti,
    161 F. Supp. 3d 284 (S.D.N.Y. 2016).................................................................11

Fleisher v. Phoenix Life Ins. Co.,
    858 F. Supp. 2d 290 (S.D.N.Y. 2012)................................................................13

ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp.,
    699 F. Supp. 2d 664 (S.D.N.Y. 2010).................................................................13

Kelly Kare, Ltd. v. O'Rourke,
    930 F.2d 170 (2d Cir. 1991)................................................................................10

Marceline v. Town of Darien,
    974 F. Supp 2d 123 (D. Conn. 2013)....................................................................5

McGuire v. Warren,
    207 F. App'x 34 (2d Cir. 2006) ..........................................................................10

MedImmune, Inc. v. Genentech, Inc.,
    549 U.S. 118 (2007)............................................................................................13

Missere v. Gross,
    826 F. Supp. 2d 542 (S.D.N.Y. 2011)...................................................................5

Mudge v. Zugalla,
    939 F.3d 72 (2d Cir. 2019)................................................................................ 7-8

Nemaizer v. Baker,
    793 F.2d 58 (2d Cir. 1986)...................................................................................7

Paul v. Davis,
    424 U.S. 693 (1976)............................................................................................11

Pisani v. Westchester County Health Care Corp.,
    424 F. Supp. 2d 710 (S.D.N.Y. 2006)...................................................................8

Police Benevolent Assn. of the City of N.Y., Inc. v. New York City Civilian
    Complaint Review Bd.,
    230 A.D.3d 1041 (1st Dep't 2024) ...................................................................9, 10

Razzano v. Remsenburg-Speonk Union Free Sch. Dist.,
    751 F. App'x 24 (2d Cir. 2018) ............................................................................5

| **Cases** | **Pages** |
|---|---|

Rizza v. Black,
   11-CV-323 (NGG) (LB), 2012 U.S. Dist. LEXIS 77301
   (E.D.N.Y. May 7, 2012) ....................................................................................................12

Roth v. Jennings,
   489 F.3d 499 (2d Cir. 2007)................................................................................................5

Sadallah v. City of Utica,
   383 F.3d 34 (2d Cir. 2004)................................................................................................11

Saleh v. Sulka Trading, Ltd.,
   957 F.3d 348 (2d Cir. 2020)..............................................................................................13

Samuels v. N. Telecom, Inc.,
   942 F.2d 834 (2d Cir. 1991)................................................................................................5

Segal v. City of New York,
   459 F.3d 207 (2d Cir. 2006)................................................................................................7

United States v. Bari,
   599 F.3d 176 (2d Cir. 2010)................................................................................................5

Valmonte v. Bane,
   18 F.3d 992 (2d Cir. 1994)................................................................................................11

Velez v. Levy,
   401 F.3d 75 (2d Cir. 2005)................................................................................7, 8, 10, 11

Walker v. Fitzpatrick,
   814 F. App'x 620 (2d Cir. 2020) .......................................................................................12

Welch v. Bio-Reference Labs., Inc.,
   No. 25-494, 2026 U.S. App. LEXIS 7182
   (2d Cir. Mar. 11, 2026) .......................................................................................................6

Wiese v. Kelley,
   08-CV-6348 (CS), 2009 U.S. Dist. LEXIS 82307
   (S.D.N.Y. Sept. 10, 2009)............................................................................................8, 10

**Cases**                                                                                                                         **Pages**

**Statutes**

28 U.S.C. § 2201(a) ....................................................................................................................13

42 U.S.C. § 1983..........................................................................................................................2

Civ. Rights Law § 50-a ...............................................................................................................2

Fed. R. Civ. P. 12(b) ................................................................................................................2, 4

**PRELIMINARY STATEMENT**

Plaintiffs Police Benevolent Association of the City of New York, Inc. ("PBA") and Patrick Henry, as President of the PBA bring this action against Defendants, the City of New York ("City"), New York City Civilian Complaint Review Board ("CCRB"), Sherene Crawford, Interim Chair of the CCRB, and Jonathan Darche, Executive Director of the CCRB, alleging the CCRB's release of certain types of unsubstantiated civilian complaints pursuant to New York Freedom of Information Law ("FOIL") violates their member officers' procedural due process rights.

Although spanning over 184 paragraphs, the Complaint is quite simple. Plaintiffs purport to bring a stigma plus claim arguing the released records are defamatory per se, inflict reputational harm on police officers, and "risk[] crippling their employment prospects," thereby implicating due process because police officers have "protected liberty interest in seeking and maintaining employment opportunities free from the specter of [those complaints]." Hardly novel—as the PBA had already raised this exact same argument in *Uniformed Fire Officers Assn. et al v. De Blasio et al*, 20-CV-05441 (KPF) (S.D.N.Y.) (hereinafter, the "Prior Action")—Plaintiffs' theory is foreclosed by robust case law governing stigma plus claims, District Judge Katherine P. Failla's order denying a preliminary injunction in the Prior Action, and the Second Circuit's decision affirming that denial, and reiterating well-settled law that diminished future employment opportunities resulting from damaged reputation are insufficient to implicate a tangible interest, 846 F. App'x 25 (2d Cir. 2021).

Shortly after the Second Circuit's decision, the union plaintiffs, which included the PBA, agreed to a voluntary dismissal of the Prior Action, with prejudice. In light of that voluntary dismissal, Plaintiffs' claims are now barred by *res judicata*. But even if they were not, the Complaint still fails because Plaintiffs cannot plead either element of a stigma plus claim. There is no falsity because the records, which simply reflect the filing of a civilian complaint, the type

of allegations it raised, and CCRB's classification and disposition of that complaint, are true, accurate, and verifiable statements. Nor is any constitutional interest implicated by such disclosure because courts have repeatedly held neither reputational harm nor diminished job prospects are sufficient to state the "plus" factor.

For these reasons, discussed more fully below, Defendants respectfully request that the Court dismiss the Complaint with prejudice pursuant to FRCP 12(b).

## STATEMENT OF FACTS

*The Prior Action*

In July 2020, the PBA and other unions representing various New York City uniformed police, fire, and correction personnel brought an action in New York state court, which defendants removed to the Southern District of New York, raising claims under 42 U.S.C. § 1983, the New York State Constitution, CPLR Articles 75 and 78, and state contract laws. See Notice of Removal and Verified Petition filed in New York state court, annexed to the Declaration of Hanh H. Le, dated July 10, 2026 ("Le Decl.") as Exhibit A. The state action was commenced a month after the New York State Legislature repealed Civil Rights Law § 50-a, which had barred the City from disclosing disciplinary records of certain uniformed officers to the public. See Civil Rights Law § 50-a(3) (repealed 2020).

The PBA and other union plaintiffs sought to enjoin various City agencies—including the CCRB—from releasing records of allegations of misconduct that were "non-final, unsubstantiated, unfounded, exonerated, or resulted in a finding of not guilty." See Le Decl., Exh. A (Verified Petition) ¶ 1. They argued, among other things, that the release of the unsubstantiated complaints is defamatory, affects their future employment opportunities, and violates their "protected liberty interest in seeking future employment opportunities free from the specter of [the unsubstantiated complaints]." See id. ¶¶ 84-92.

2

In August 2020, the District Court denied, in large part, the union plaintiffs' motion for a preliminary injunction. See Decision on Preliminary Injunction, dated August 21, 2020, attached to Le Decl. as Exhibit B.  In holding that the union plaintiffs failed to establish the records at issue were false, the Court noted that the union plaintiffs were "misstat[ing] the nature of the records at issue" and "eliding the distinction between the underlying allegation, which may be about the conduct that never happened, and the actual record being released, which record states the outcome of an investigation into that complaint." See id. at 28:3-22.  The Court further held that the union plaintiffs failed to meet the plus prong because "a vague allegation of potential loss of employment due to reputational harm" was insufficient.  See id. at 32:20-23.

In September 2020, the union plaintiffs filed the First Amended Complaint ("FAC").  See FAC, dated September 25, 2020, annexed to Le Decl. as Exhibit C.  The FAC added allegations that the unsubstantiated complains "will be publicized and promoted in massive online registries [and] released in large numbers in response to FOIL requests," and that such publication "in massive online registries will result in future employers consulting and relying on those allegations when considering officers for potential employment." See id. ¶¶ 1, 111-19.

In March 2021, the Second Circuit affirmed the District Court's decision denying the preliminary injunction.  As relevant here, the Second Circuit held the union plaintiffs failed to establish (i) irreparable harm because future employers were unlikely to be misled by records that contained "dispositional designation" and thus, the asserted harm was speculative, or (ii) likelihood of success on the merits of their stigma-plus claim because diminished future employment opportunities resulting from a damaged reputation are insufficient.  See Second Circuit Summary Order, dated March 9, 2021, attached to Le Decl. as Exhibit D at p. 10-11, 12-13.

In April 2021, the parties executed a stipulation of voluntary dismissal, with prejudice.  See Stipulation of Dismissal, dated April 13, 2021, attached to Le Decl. as Exhibit E.

***The Instant Action***

On April 21, 2026, the PBA commenced this action, raising the same stigma plus claim it had raised in the Prior Action.  See generally Compl.  This time, the PBA's argument is based on a narrower set of unsubstantiated records (i.e., only unsubstantiated civilian complaints raising allegations of sexual misconduct, racial bias, and false official statements), and they no longer seek to enjoin the release of the unsubstantiated records (i.e., suggesting the CCRB could redact the officers' identifying information, employ "neutral characterization" or offer a "name-clearing hearing" before any disclosure).  See id.

However, the substance of their due process stigma plus claim is the same.  As they did in the Prior Action, the PBA argues CCRB's disclosure of unsubstantiated complaints pursuant to FOIL, and availability of those records through an online database accessible to the public, constitutes government dissemination of false defamatory statements, and interferes with the police officers' future employment prospects, thereby depriving them of protected liberty interest without due process.  See id.

## STANDARD OF REVIEW

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  While the court must accept all the allegations of the complaint as true, the court need not do so for "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  Ashcroft, 556 U.S. at 678-679 (citation omitted).  "A pleading that offers labels

4

and conclusions . . . will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. at 678.

"It is well established that a district court may rely on matters of public record in deciding a motion to dismiss."  See 1983 v. Gross, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011); see also United States v. Bari, 599 F.3d 176, 180-81 (2d Cir. 2010) (the court can take judicial notice of information provided on the Internet).  The court may also take judicial notice of court filings and rulings.  See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA

Under the *res judicata* doctrine, or claim preclusion, litigants are barred from bringing new claims arising from the same facts that have already been subject to a prior judgment.  See Brodsky v. N.Y.C. Campaign Fin. Bd., 796 F. App'x 1, 2-3 (2d Cir. 2019).  *Res judicata* applies to what was actually determined and every question that might properly have been litigated in a prior proceeding.  See Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 751 F. App'x 24, 27 (2d Cir. 2018).  To determine whether *res judicata* bars a subsequent action, courts consider "whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same."  Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 157 (2d Cir. 2017) (quotations omitted).

A voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*.  See Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995); Samuels v. N. Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991) ("A stipulation dismissing an action with prejudice can have the preclusive effect of *res judicata*."); Marceline v. Town of Darien, 974

5

F. Supp 2d 123, 130 (D Conn 2013) ("it is well-established in the Second Circuit that [a] dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action.") (quotations omitted) (collecting cases).

The PBA was one of the union plaintiffs in the Prior Action, and raised the same stigma plus claims arguing the disclosure of records that are "non-final, unsubstantiated, unfounded, exonerated, or resulted in a finding of not guilty" causes reputational harm and diminishes their members' employment prospects. See Le Decl., Exh, C at ¶¶ 1, 5, 56-71, 111-119. After the District Court denied the preliminary injunction, and the Second Circuit affirmed, the union plaintiffs agreed to a voluntary dismissal with prejudice. See Le Decl., Exhs. B, D, E.

Although the PBA seeks to challenge the release of a narrower set of unsubstantiated records in this action (i.e., only unsubstantiated civilian complaints with allegations of sexual misconduct, racial bias, and false official statements), the substance of their due process claim is the same—that such disclosure constitutes government dissemination of defamatory statements and deprives officers' of protected liberty interest.[1] See generally Compl. Having stipulated to a voluntary dismissal with prejudice of the Prior Action, the PBA may not re-litigate the same claims yet again in this action. See Welch v. Bio-Reference Labs., Inc., No. 25-494, 2026 U.S. App. LEXIS 7182, at *3 (2d Cir. Mar. 11, 2026) ("Welch's federal discrimination claims were barred by the settlement and voluntary dismissal with prejudice of her prior lawsuit . . ., which asserted

---

[1] Recognizing that the CCRB has disclosure obligations under FOIL, in support of their "government dissemination" element, the PBA argues that the CCRB "indiscriminately disseminat[es officers' records] for upload" to the 50-a.org website, where the records are "publicly searchable in perpetuity." See Compl. ¶¶ 7-8. 50-a.org is one of the many non-government, public, searchable databases of police officers' records. The website compiles records from a variety of public sources. See https://www.50-a.org/about (last visited July 10, 2026).

the same federal discrimination claims."); Carter v Inc. Vil. of Ocean Beach, 759 F.3d 159, 165 (2d Cir. 2014) ("A voluntary dismissal of an action with prejudice . . . constitutes 'an adjudication on the merits for purposes of res judicata,' and any action so dismissed could not be brought again.") (quoting Chase Manhattan Bank, 56 F.3d at 345); Nemaizer v. Baker, 793 F2d 58, 60 (2d Cir. 1986) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action."). Accordingly, Plaintiffs' claims are barred by *res judicata* and should be dismissed.

## POINT II

### PLAINTIFFS FAIL TO STATE A STIGMA-PLUS CLAIM

Even if Plaintiffs' claims were not barred by *res judicata*, the Complaint should nevertheless be dismissed for failure to state a claim.

A "stigma plus" claim requires an "injury to one's reputation (the stigma), coupled with the deprivation of some tangible interest or property right (the plus), without adequate process." DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003). To plead a stigma plus claim, a plaintiff must allege: "(1) the utterance of a statement about her that is injurious to her reputation, 'that is capable of being proved false, and that he or she claims is false,' and (2) 'some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'" Velez v. Levy, 401 F.3d 75, 87-88 (2d Cir. 2005) (quoting Doe v. Dep't of Pub. Safety ex rel. Lee, 271 F.3d 38, 47 (2d Cir. 2001), rev'd on other grounds, Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003)).

In addition, the stigmatizing statements must be made concurrently with, or in close temporal relationship to, the tangible and material state-imposed burden. Dolcine v. Hanson, 17-CV-4835 (VEC), 2021 US Dist LEXIS 46950, at *15 (S.D.N.Y Mar. 12, 2021) (citing Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006)); Mudge v. Zugalla, 939 F.3d 72, 80-81 (2d

7

Cir. 2019) ("While there is 'no rigid requirement [] that both the 'stigma' and the 'plus' must issue from the same government actor or at the same time,' they must be 'sufficiently proximate.'") (quoting <u>Velez</u>, 401 F.3d at 89).

## A.      The Records at Issue Are Not False

In a stigma plus claim, the alleged stigmatizing statement must be false and capable of being proven false.   <u>Dolcine</u>, 2021 US Dist LEXIS 46950, at \*15.   "Where 'defendant['s] statements [are] substantially true and thus not capable of being proved false, plaintiff's liberty interest claim . . . fails." <u>Wiese v Kelley</u>, 08-CV-6348 (CS), 2009 US Dist LEXIS 82307, at \*21 (S.D.N.Y Sep. 10, 2009) (quoting <u>Pisani v. Westchester County Health Care Corp.</u>, 424 F. Supp. 2d 710, 718 (S.D.N.Y 2006)).   Plaintiffs maintain that CCRB's release of unsubstantiated complaints pursuant to FOIL is the dissemination of "false criminal accusations [that] constitute per se defamation under New York law." <u>See</u> Compl. ¶ 77.   Not so.

The release of records, which reflect (i) the filing of a civilian complaint; (ii) the subject or category of the allegations raised; and (iii) the processes CCRB took to address the complaint and its classification and/or final disposition is *not* falsity; each one of these elements can be proven to be true and accurate. *See* Compl. ¶¶ 119-125 (listing examples of information available on the 50-a.org website).   As the District Court observed in the Prior Action, "[p]laintiffs are eliding the distinction between the underlying allegation, which may be about conduct that never happened, and the actual record being released, which record states the outcome of an investigation into that complaint." <u>See</u> Le Decl., Exh. B at 28:17-21.   "Disclosure of a record that an allegation was found to be unfounded or unsubstantiated is a true statement as to the outcome of an investigation of that allegation." <u>See</u> <u>id.</u> at 29:12-15; <u>see also</u> <u>id.</u> at 30:9-12 ("a CCRB record's statement that an allegation is unsubstantiated is not a false statement; it is an accurate depiction of an outcome of a CCRB investigation into a complaint").   Accordingly, because the challenged records provide

an accurate depiction of an outcome of CCRB's processes, Plaintiffs cannot demonstrate falsity. See Davis v. Boeheim, 24 N.Y.3d 262, 268 (2014) ("falsity is a necessary element of a defamation cause of action"); Dillon v. City of NY, 261 A.D2d 34, 39 (1st Dep't 1999) ("Truth provides a complete defense to defamation claims" under New York law.).

Plaintiffs complain that CCRB's dispositions are "ambiguous" and "misleading" and "exacerbate" the prejudice.  For example, Plaintiffs lament that the disposition "unable to determine" (which was previously "unsubstantiated") creates "the mispleading impression that the matter was not in fact fully investigated and decided in the officer's favor."  See Compl. ¶ 80.  But "unable to determine" is not intended to mean that the investigation was decided in the officer's favor; only that CCRB could not reach a determination.  See Police Benevolent Assn. of the City of NY, Inc. v NY City Civilian Complaint Review Bd., 2024 NY Slip Op 30003[U], *16 (Sup. Ct., NY Co. 2024), aff'd 230 A.D.3d 1041 (1st Dept 2024) (explaining "it is much easier for the public to understand this disposition [unable to determine] instead of unsubstantiated" because "[t]hese are situations in which there was not sufficient evidence to establish whether there was an act of misconduct").  Plaintiffs also argue the disposition "within NYPD guidelines" fails to "provide a statement clearing the officer's reputation from what was established to be a meritless complaint." See Compl. ¶ 47. However, "within NYPD guidelines" is meant to convey that "there was a preponderance of the evidence that the acts alleged occurred but did not constitute misconduct," not that the alleged acts did not happen at all.  See 2024 NY Slip Op 30003[U], *16. Indeed, in rejecting the PBA's challenge that CCRB's changes to its disposition terminology were arbitrary and capricious, the New York Appellate Division, First Department held "[t]here is evidence in the record to support CCRB's position that the changes would promote understanding

9

by the public, both from feedback it received and from public hearing testimony." See 230 A.D.3d at 1043.

In any event, Plaintiffs' dissatisfaction with the terminology used is of no moment because accurate descriptions of allegations are not actionable, "even when a reader might infer something unfavorable about the employee." Wiese, 2009 US Dist LEXIS 82307, at *14 (collecting cases); see also McGuire v. Warren, 207 F. App'x 34, 37 (2d Cir. 2006) (summary order) (holding that "innuendo," even if it carries "false implication" is insufficient to support a stigma-plus claim); Kelly Kare, Ltd. v. O'Rourke, 930 F2d 170, 177 (2d Cir. 1991) ("We cannot agree that the innuendo -- if any -- that stems from a without-cause termination is tantamount to a false accusation by defendants."). As the District Court noted, "the dispositional discussions will contextualize the description of the complaint or charges provided[, and] will allow future employers to make hiring decisions by evaluating the complaint and the investigation and its outcome independently." See Le Decl., Exh. B at 33:19-23. That Plaintiffs do not like the "context" does not turn the records into falsity. Accordingly, Plaintiffs cannot show "the existence of a reputation-tarnishing statement that is false" to satisfy the "stigma" prong. See Burgos Vega v. Lantz, 596 F.3d 77, 82 (2d Cir. 2010).

**B.    There Is No Tangible, Government-Imposed Burden**

Even if Plaintiffs could meet the stigma element of their claim, they are, nevertheless, unable to demonstrate an adequate "plus" factor – *i.e.*, "some tangible and material state-imposed burden" that is separate from the deleterious effects flowing directly from the stigmatizing statement. Velez, 401 F.3d at 87 (internal citation omitted). Plaintiffs lament that the release of unsubstantiated complaints "risks crippling their employment prospects" and "jeopardizes their safety," Compl. ¶ 8, and suggest they have a protected liberty interest "in seeking and maintaining

10

employment opportunities free from the specter of the [unsubstantiated complaints]." Compl. ¶ 143.  Their argument has no basis in law or fact.

Courts in this circuit have repeatedly held that "diminished future employment opportunities resulting from a damaged reputation" are insufficient to state a stigma plus claim. See Sadallah v. City of Utica, 383 F.3d 34, 38-39 (2d Cir. 2004) ("[e]ven assuming, arguendo, that defendants' public statements about plaintiffs amounted to defamation, plaintiffs have failed to allege the additional state-imposed burden necessary for invoking the "stigma plus" doctrine" because the alleged 'damage" to their business reputation, deprivation of their "good will" are "direct 'deleterious effects' of the purported defamation, not 'in addition to' the alleged defamation" (quoting Doe, 271 F.3d at 47, and Valmonte v. Bane, 18 F.3d 992, 1001 (2d Cir. 1994)); Valmonte, 18 F.3d at 1001 ("deleterious effects which flow directly from a sullied reputation," which include "the impact that defamation might have on job prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation" are insufficient) (citing Paul v. Davis, 424 U.S. 693 (1976)); Filteau v. Prudenti, 161 F. Supp. 3d 284, 295 (S.D.N.Y. 2016) ("[u]nder settled doctrine," plaintiff's "claim of diminished job prospects is insufficient to support a claim of injury to a protected liberty interest").

In fact, in the Prior Action, the Second Circuit reiterated that "diminished future employment opportunities resulting from damaged reputation, as opposed to some independent legal detriment, are not sufficient" and the union plaintiffs "fail to demonstrate that any officer will be deprived of a tangible interest or property right."  Le Decl., Exh. D at p. 13.

C.    **No Proximity Between any Purported "Stigma" and "Plus"**

Although a stigma and plus need not be imposed by the same state actor, a plaintiff must still show that the stigma and plus are connected.  See Velez, 401 F.3d at 89.  A plaintiff may satisfy the temporal proximity element of a stigma-plus claim "where (1) the stigma and plus

11

would, to a reasonable observer, appear connected-for example, due to their order of occurrence or their origin, and (2) the actor imposing the plus adopted (explicitly or implicitly) those statements in doing so." Id. (citations omitted).

Here, Plaintiffs fail to plead a government-imposed burden of any kind.  The 50-a.org website, as Plaintiffs admit, is a "third-party online database," Compl. ¶ 7, that collects records from multiple public sources and compiles them for public viewing.  Plaintiffs suggest that some unspecified future employer *may* refer to the 50-a.org website, *may* find the CCRB's dispositions "misleading" or "confusing," and *may* decide against hiring the officer based on that information. See Compl. ¶ 149.  But Plaintiffs do not allege, nor can they, that the City or CCRB plays any role in that hypothetical future employer's hiring decision and therefore, Defendants cannot be held liable for any purported "plus." See Walker v. Fitzpatrick, 814 F. App'x 620, 625 (2d Cir. 2020) (defendants who made stigmatizing statements, but had neither the power to provide process nor the power to inflict the deprivation could not be liable on "stigma-plus" claims); Dolcine, 2021 US Dist LEXIS 46950, at *22-23 ("It is not enough, then, for a defendant to have made the allegedly stigmatizing statements; in order to be liable, the defendant must have also been in a position to impose the "plus" and to deprive the plaintiff of his or her due process rights.").

Nor do Plaintiffs identify any officer that actually applied for a job, was denied, and was told that but for the information on the 50-a.org website, they would have been hired.  Instead, the Complaint offers pure speculations of hypothetical future events.  *Cf. Rizza v. Black*, 11-CV-323 (NGG) (LB), 2012 US Dist LEXIS 77301, at *18 (E.D.N.Y May 7, 2012) ("Given this significant lapse of time, even if plaintiff could satisfy the "plus" element of his claim, plaintiff cannot connect the stigmatizing statements to his removal from Franklin K. Lane High School."); *Esposito-Cogan v. E. Haven Bd. of Educ.*, 3:07-cv-681 (CFD), 2009 U.S. Dist. LEXIS 28994, at *18-19 (D. Conn.

12

Mar. 30, 2009) ("plaintiff cannot satisfy the concurrence requirement of a stigma-plus claim" where allegedly stigmatizing statements were made in June 2005 and "[i]t was not until the following year, after the conclusion of the 2005-2006 season, that [his] contract was not renewed").

## POINT III

### PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY RELIEF

The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such a declaration" in "a case of actual controversy within its jurisdiction." See 28 U.S.C. § 2201(a). Whether to award such relief is within the discretion of the district court. See Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003); Fleisher v. Phoenix Life Ins. Co., 858 F. Supp. 2d 290, 301 (S.D.N.Y. 2012). "[T]he phrase 'case of actual controversy' . . . refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III' of the Constitution." See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). An action seeking declaratory relief satisfies the case-or-controversy requirement if the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests" and is "real and substantial," such that it "admit[s] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Saleh v. Sulka Trading, Ltd., 957 F.3d 348, 353-354 (2d Cir. 2020).

To warrant declaratory relief, "[t]here must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp., 699 F. Supp. 2d 664, 667 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

Plaintiffs cannot maintain their claim for declaratory relief because they cannot demonstrate that the release of the records will cause any concrete, particularized, actual, or

13

imminent injury to their reputation.  Plaintiffs' entire case is hypothetical—some hypothetical future employer *may* refer to the 50-a Database, *may* find the records and CCRB dispositions confusing and misleading, and *may* decide against hiring that officer based on that information on the 50-a Database.  Indeed, the Complaint is riddled with qualifiers, demonstrating the speculative nature of Plaintiffs' claims.  *See* Compl. ¶¶ 8, 76 (suggesting the release of the records "poses a substantial risk of interference with the employment prospects" or "risks crippling [the officer's] employment prospects").  Declaratory relief does not lie on such a speculative, hypothetical claim, and Plaintiffs' claims seeking such relief must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Complaint be dismissed with prejudice, and Defendants be granted such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            July 10, 2026

            **STEVEN BANKS**
            Corporation Counsel of the City of New York
            Attorney for Defendants
            100 Church Street, Room 2-115
            New York, New York 10007
            (212) 356-2695
            hale@law.nyc.gov


            By:    *Hanh Le*
                   Hanh H. Le
                   Assistant Corporation Counsel

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

POLICE BENEVOLENT ASSOCIATION OF THE CITY
OF NEW YORK, INC. and PATRICK HENDRY, as
President of the Police Benevolent Association of the City of
New York, Inc.,

                                                  Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY CIVILIAN
COMPLAINT REVIEW BOARD, SHERENE
CRAWFORD, in her official capacity as Interim Chair of the
New York City Civilian Complaint Review Board, and
JONATHAN DARCHE, in his official capacity as Executive
Director of the New York City Civilian Complaint Review
Board,

                                      Defendant.

------------------------------------------------------------------------X

**CERTIFICATION OF
COMPLIANCE WITH
WORD COUNT LIMIT**

26-CV-3243 (VSB) (KPH)

Hanh H. Le, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, hereby certify pursuant to the Court's Individual Rules and Practices in Civil Cases, that the total number of words in the accompanying Memorandum of Law—exclusive of the cover page, caption, table of contents, table of authorities, and signature block—is 4,375 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Accordingly, the Memorandum of Law complies with the 8,750 word limit set forth in the Court's Individual Rules.

Dated:      New York, New York
             July 10, 2026

                                     *Hanh Le*
                                     Hanh H. Le
                                     Assistant Corporation Counsel

15