**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

POLICE BENEVOLENT ASSOCIATION OF THE
CITY OF NEW YORK, INC. et al.,

                            Plaintiffs,

            -against-

CITY OF NEW YORK, et al.,

                            Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2026

**26-CV-3243 (VSB) (KHP)**

**OPINION AND ORDER ON
MOTION FOR LEAVE TO FILE
AMICUS BRIEF**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiffs Police Benevolent Association of the City of New York – the union representing New York City Police Department officers – and its President, Patrick Hendry (collectively, "Plaintiffs") bring a procedural due process challenge to the New York City Civilian Complaint Review Board's ("CCRB") alleged practice of disclosing, in response to Freedom of Information Law ("FOIL") requests, records of unsubstantiated accusations against police officers involving stigmatizing allegations, including sexual misconduct, racial bias or profiling, and false official statements. Plaintiffs allege that the CCRB releases these records together with police officer identifying information, despite knowing that the information will be published in a publicly searchable database, and without providing affected officers notice, an opportunity to object or be heard, or any mechanism to remove the information. Defendants have moved to dismiss the complaint on the grounds that Plaintiffs' claims are barred by *res judicata* and, alternatively, Plaintiffs fail to state a stigma-plus claim. Defendants' motion further contends that Plaintiffs are not entitled to declaratory relief. Now before the Court is the New York Civil Liberties

Union's (the "NYCLU") motion for leave to file a brief as an *amicus curae* in support of the pending motion to dismiss.  For the following reasons, the NYCLU's motion is DENIED.

**LEGAL STANDARD**

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case."  *United States v. Ahmed*, 788 F.Supp. 196, 198 (S.D.N.Y. 1992); *see also Goldstein v. Hochul,* No. 22 Civ. 8300 (VSB), 2022 WL 22915988, at *1 (S.D.N.Y. Oct. 19, 2022) (same).  No governing standard, statute, or rule establishes a procedure for seeking leave to file an *amicus* brief in the district court or supplies a standard governing whether such leave should be granted.  *See U.S. v. Gotti*, 755 F.Supp. 1157, 1157 (E.D.N.Y. 1991); *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935 (ALC) (HBP), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014).

In the absence of concrete directive or procedure, Rule 29 of the Federal Rules of Appellate Procedure and common law prove instructive in deciding whether leave to file such a brief should be granted.  Fed. R. App. P. 29(3)(B) states, in pertinent part, that the party seeking leave to file an *amicus* brief must state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."  It follows naturally, that leave should be granted where the brief is timely and would be uniquely useful in the adjudication of an issue pending before the district court.  *See Hochul*, 2022 WL 22915988, at *1 ("Participation as an amicus curiae is appropriate when 'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (citing *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2021 WL 4555352, at *5

2

(S.D.N.Y. Oct. 4, 2021)); W*aste Mgmt of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("A court may grant leave to appear as an amicus if the information offered is 'timely and useful.'") (citing *Yip v. Pagano*, 606 F.Supp. 1566, 1568 (D.N.J.1985), *aff'd mem*., 782 F.2d 1033 (3d Cir. 1986)).

In this District and others, an *amicus* brief is generally deemed to be useful and should be allowed when:

> [A] party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case ... or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Lehman XS*, 2014 WL 265784, at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also U.S. v. Yaroshenko*, 86 F.Supp. 3d 289, 290-91 (S.D.N.Y. 2015) ("An amicus curiae proves true to its name as a 'friend of the court' when it offers a fresh perspective on an unsettled question of law that the actual parties to the litigation have not fully addressed.").

**DISCUSSION**

The Court concludes that leave to file an *amicus* brief should be denied here because Defendants in this action are represented competently and the proposed brief adds no useful legal authority, argument, or perspective not already raised by (or that could have been raised by) defense counsel.

First, Defendants are represented by experienced counsel from the New York City Corporation Counsel's Office, and there has been no suggestion that counsel is unable to fully

present the legal and factual arguments supporting dismissal.  Where, as here, the parties are competently represented and capable of addressing the issues presented, the need for supplemental advocacy is substantially diminished.  *See Lehman XS*, 2014 WL 265784, at \*2. That conclusion is further buttressed by Defendants' decision not to consent to the NYCLU's participation, but instead to take no position on its motion for leave.  *See Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir. 1970) (finding that it is particularly questionable for a court to permit *amicus* participation where the existing parties are ably represented, their counsel requires no additional assistance, and the parties have not jointly consented to the proposed submission).

Moreover, as Plaintiffs point out in their opposition to the instant motion, much of the proposed brief also addresses matters that are not necessary to resolve Defendants' motion to dismiss – a motion that, as a procedural matter, confines the Court's review to the pleadings, the documents incorporated therein by reference, and the arguments advanced in the moving papers.  (ECF No. 38 p. 3)  But even if the Court could and did consider the proposed *amicus* brief when deciding the pending motion to dismiss, roughly seven pages of the proposed twelve-page brief is devoted to the scope and operation of FOIL, including whether FOIL requires disclosure of unsubstantiated complaints, permits redaction of officer names, or authorizes categorical reliance on the personal-privacy exemption.  This coverage is irrelevant when Defendants' motion principally argues that Plaintiffs' claims are barred by *res judicata* and that the complaint fails to plead the elements of a due process claim.  To the extent the NYCLU seeks to introduce additional statutory arguments concerning the proper interpretation of FOIL, those arguments risk expanding the issues presented rather than assisting the Court in

4

deciding the motion actually before it.  Perhaps most importantly, had Defense counsel wished to articulate such arguments they would have done so.  *Amicus* participation is not appropriately used to inject collateral questions or to supplement a party's litigation strategy with arguments that the party itself elected not to raise.  *See Waste Mgmt. of Penn., Inc.,* 162 F.R.D. at 36 ("The named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues."); *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284-85 (N.D.N.Y. 2020) ("Here, the need for an amicus curiae is minimal to nonexistent. The competence and skill of plaintiffs' counsel obviates the need for additional input.").

Second, in its motion, the NYCLU has failed to demonstrate that its proposed brief offers unique information, legal authority, or a perspective that would assist the Court beyond the parties' submissions.  The portion of the proposed brief addressing Plaintiffs' due process claims largely rehashes arguments already advanced by Defendants in their motion to dismiss – namely, that Plaintiffs have not adequately pleaded the deprivation of a tangible interest sufficient to establish the "plus" component of a stigma-plus claim and that diminished future employment prospects resulting from reputational injury are insufficient.  Accordingly, the Court cannot find that the proposed brief would be useful in ruling on the motion to dismiss. *See Yaroshenko*, 86 F.Supp. 3d at 290 (denying leave to file an amicus brief upon finding that the application for leave failed "to persuade the Court that an amicus brief will serve a useful purpose.").

**CONCLUSION**

For the foregoing reasons, NYCLU's motion for leave to file a brief in support of the

pending motion to dismiss as an *amicus curae* is DENIED.

**The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 36.**

**SO ORDERED.**

DATED: July 22, 2026
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

6