USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

---------------------------------------------------------------X

**26-CV-3243 (VSB) (KHP)**

**OPINION & ORDER ON MOTION TO STAY DISCOVERY**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Defendants, the City of New York, the New York City Civilian Complaint Review Board ("CCRB"), Sherene Crawford, and Jonathan Darche (collectively, "Defendants") move to stay discovery pending the Court's resolution of their motion to dismiss, which asserts that Plaintiffs' claims are precluded by the doctrine of *res judicata* and, in the alternative, that Plaintiffs have failed to state a cognizable stigma-plus due process claim. For the following reasons, Defendants' motion to stay discovery pending adjudication of their motion to dismiss is DENIED.

## BACKGROUND

### A. Facts Underlying the Action

Plaintiffs, Police Benevolent Association of the City of New York, Inc. ("PBA"), a union representing New York City Police Department ("NYPD") officers and PBA's President, Patrick Hendry (collectively, "Plaintiffs"), assert due process claims under the Fourteenth Amendment of the United States Constitution and Article I, Section 6 of the New York Constitution based on the CCRB's alleged disclosure, in response to Freedom of Information Law ("FOIL") requests, of

records concerning "Stigmatizing Unsubstantiated Complaints" involving allegations of sexual misconduct, racial bias or profiling, and false official statements tied to officers in the NYPD. Plaintiffs allege the CCRB discloses these records together with officer-identifying information, knowing that the information is subsequently uploaded to a publicly searchable database, without providing affected officers notice, an opportunity to object or be heard, or a means of removing the information. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201 holding that the CCRB's disclosure, and ongoing policy of disclosing, "Stigmatizing Unsubstantiated Complaints" with officer identifying information violates the federal and state due process rights of NYPD officers.

### B. <u>Procedural Posture</u>

Following an Initial Case Management Conference held on July 7, 2026, Plaintiffs, commenced fact discovery. On July 10, 2026, Defendants moved to dismiss the complaint.[1] (ECF No. 33) Separately, on August 5, 2026, Defendants moved to stay discovery pending resolution of their motion to dismiss. (ECF No. 43) Plaintiffs opposed the motion to stay on August 7, 2026. (ECF No. 44) Both Defendants' motion to stay discovery and motion to dismiss are now fully briefed and before the Court.

### C. <u>Motion to Dismiss and Plaintiffs' Opposition</u>

Defendants' motion to dismiss asserts that Plaintiffs' claims are barred by *res judicata* and, independently, that the complaint fails to state a claim upon which relief may be granted. The *res judicata* argument is predicated on a prior action[2] in which the PBA and other unions

---

[1] Plaintiffs filed a memorandum of law in opposition to the motion to dismiss on August 18, 2026. (ECF No. 45) Defendants' reply was filed on September 16, 2026. (ECF No. 49)

[2] *See Uniformed Fire Officers Ass'n et al v. DeBlasio et al,* No. 20 Civ. 5441 (KPF) (S.D.N.Y. 2021).

representing various New York City uniformed officers sought to enjoin several City agencies – including the CCRB – from disclosing records concerning allegations of misconduct that were "non-final, unsubstantiated, unfounded, exonerated, or resulted in a finding of not guilty." (ECF No. 34-1 ¶1) Ultimately, the parties stipulated to the voluntary dismissal of that action with prejudice. (ECF No. 34-5) As an alternate avenue for dismissal, Defendants contend that Plaintiffs have failed to plead either element of a stigma-plus claim which requires "injury to one's reputation (the stigma) coupled with the deprivation of some tangible interest or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (internal quotes omitted). Specifically, Defendants argue that (1) the records at issue are not false; (2) Plaintiffs have not identified any government-imposed burden, including any instance in which an officer was denied employment because of the disclosures, and diminished employment prospects resulting from reputational harm are insufficient to establish a stigma-plus claim; and (3) there is no nexus between the alleged "stigma" and "plus." (ECF No. 35)

In opposition, Plaintiffs contend that Defendants' *res judicata* argument is inapplicable because this action presents new facts and issues, challenges a discrete policy adopted years after *Uniformed Fire Officers* – the prior action – and seeks relief directed specifically at that policy. Plaintiffs further argue that they have adequately pleaded a stigma-plus claim. They contend that the disclosures at issue are stigmatizing because they "call into question plaintiff[s'] good name, reputation, honor, or integrity." *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004) (internal quotation marks omitted). Plaintiffs also assert that it is undisputed that certain unsubstantiated complaints concern false allegations against officers. According to

Plaintiffs, at the pleading stage they need not establish the falsity of the allegedly stigmatizing statements but need only allege their falsity as an issue. (ECF No. 45 at 14)

As to the "plus" component, Plaintiffs acknowledge that they have not identified specific instances in which officers were denied employment because of the complaints at issue. They nevertheless highlight caselaw holding that publication of stigmatizing information in a database, coupled with a resulting risk to future employment opportunities, may satisfy the "plus" requirement. (*Id.* at 18-19) Plaintiffs further contend that Defendants fail to address their allegations that the CCRB's new policy materially jeopardizes officers' safety, which Plaintiffs maintain provides an additional basis for satisfying the "plus" element. (*Id.*)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), courts have considerable discretion to grant a stay of discovery upon a showing of "good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); *see also Clark v. Hanley,* 89 F.4th 78, 91 (2d Cir. 2023) (recognizing wide discretion trial courts have when handling discovery); Fed. R. Civ. P. 26(c). The fact there is a pending dispositive motion is not in itself grounds for a stay of discovery. *See Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559 at *2 (S.D.N.Y. Mar. 1, 2016); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). The burden of showing good cause for a stay falls on the moving party. *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F.App'x 504, 505 (2d Cir. 2011) (articulating the standard set forth in Rule 26(c)). When determining whether good cause exists, courts consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the

burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Daileader v. Certain Underwrites at Lloyd's London*, No. 22 Civ. 5408 (PGG), 2025 WL 1021756 at *6 (S.D.N.Y. March 31, 2025) (granting stay during pendency of a motion for summary judgment); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (considering the same factors with regard to a stay pendig resolution of a motion to dismiss).

In terms of the "strong showing" prong, the party seeking a stay must present "substantial arguments for dismissal[ ]." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72. Courts are more likely to grant a stay where the "the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo,* No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). Moreover, the existence of a motion that "is potentially dispositive, and appears to be not unfounded in the law," "cuts in favor of a stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). "Conversely, a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in their respective briefs." *Bennett* 2023 WL 2021560, at *2.

"In assessing the breadth of discovery and the burden of responding to it, courts consider whether 'discovery would reach such wide-breadth that good cause for a stay exists.'" *Configure Partners LLC v. RACI Holdings LLC*, No. 22 Civ. 8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023). "This Court is more likely to grant a stay in instances where discovery is likely to be 'broad and significant,' such as when there are many defendants and an array of complex issues." *Id*. However, "[the] court is less likely to grant a stay in cases where the movant fails to show why discovery would be burdensome or

where the resolution of pending motions to dismiss will not meaningfully change the scope or burden of discovery." *Id*.

As to the risk of unfair prejudice to the party opposing the stay, "[t]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). If the party requesting the stay has not shown a lack of prejudice to the non-moving party, this would weigh against a stay. *See Mirra*, 2016 WL 889559, at *2.

**DISCUSSION**

Defendants argue good cause is present for a stay because they contend Plaintiff's claims are not legally cognizable, discovery would be very broad and burdensome insofar as it would require Defendants to review all FOIL requests for unsubstantiated complaints and Defendants' responses to them; and a stay would not prejudice Plaintiffs.

**A. <u>Merits of Plaintiffs' Claims</u>**

To start, caselaw makes clear that the first factor "is not, and should not, be a way to obtain an initial ruling on the viability of" Plaintiffs' case. *See Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23 Civ. 1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) ("A motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending."). The question on a motion to stay is whether Defendants have raised substantial arguments for dismissal and whether Plaintiffs have, in turn, raised strong arguments against dismissal. *See e.g., Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,* 590 U.S. 405, 414 (2020); *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 599 (2016*); State Farm Mut. Auto. Ins. Co. v. Duel,* 324 U.S.

154, 162 (1945); *Technomarine SA v. Giftports, Inc*., 758 F.3d 493, 499 (2d Cir. 2014); *N.Y. Civ. Liberties Union v. City of Rochester*, 43 N.Y.3d 543, 548 (2025). Here, while Defendants have raised strong arguments for dismissal of the case, Plaintiffs attempted to rebut those arguments and have cited to facts and caselaw in support. Plaintiffs contend that *res judicata* does not resolve this action because the present suit challenges a policy allegedly announced by the CCRB in October 2025, more than five years after the commencement of the earlier litigation on which Defendants rely for its estoppel effect. Plaintiffs further identify several factual developments that, in their view, distinguish the present action from that prior case, including the creation and subsequent use of the 50-a Database, changes in CCRB disposition terminology, and CCRB's alleged acknowledgment in 2025 that disclosure of the categories of unsubstantiated complaints at issue may be "very prejudicial" to officers. And, as for the sufficiency of Plaintiffs' stigma-plus theory, Plaintiffs allege, among other things, that CCRB disseminates certain unsubstantiated allegations, which are then placed on a publicly accessible third-party database, which in turn affects officers' employment prospects as well as their safety. Plaintiffs further allege the disclosure policy provides the requisite connection between the allegedly stigmatizing publication and the asserted additional injury.

Without prejudging the motion on the merits, in light of the cases and facts cited by Plaintiffs in support of their claims and in opposition to the motion to dismiss, Defendants have failed to make a sufficiently strong showing that Plaintiffs' claim is unmeritorious. Rather, both sides have advanced non-frivolous arguments that have to be carefully evaluated by the court. *See Ema Fin., LLC v. Vystar Corp*., 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). And, where, as here, both sides advance non-frivolous legal arguments concerning the viability of the claims, the first factor does

not support a stay. *See Bennett* 2023 WL 2021560, at *2; *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025).

**B. <u>Burden of Discovery</u>**

The second factor likewise does not weigh in favor of staying discovery. Defendants argue that Plaintiffs seek overbroad discovery concerning Defendants' policies and procedures, all FOIL requests for unsubstantiated complaints, and Defendants' responses to those requests. They contend that proceeding with such discovery while a potentially dispositive motion remains pending would unnecessarily consume both time and resources, particularly while the parties continue settlement discussions. (ECF No. 43 at 2)

The discovery actually at issue, however, is more circumscribed than Defendants suggest. Plaintiffs have served fifteen interrogatories and twenty-two requests for production. The interrogatories principally seek the identities of individuals responsible for the challenged policies, FOIL determinations, communications with the 50-a Database, and related matters. (ECF No. 44-2) The document requests focus on the CCRB's policies governing disclosure of the categories of unsubstantiated complaints at issue, communications concerning the 50-a Database, specified FOIL requests, and documents concerning the challenged policy and its implementation. (ECF No. 44-1)

Defendants characterize Plaintiffs as seeking "all FOIL requests" concerning unsubstantiated complaints. But the document request is cabined. It seeks FOIL requests received since October 2025 that sought disclosure of the specifically defined "Stigmatizing Unsubstantiated Complaints," together with the records produced in response or documents sufficient to identify the status of requests that are still pending or have been closed. (ECF No.

44-1 at 8) The subject matter for which discovery is sought is neither unusually complex nor exceptionally expansive. *See Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("Courts may also take into consideration the nature and complexity of the action."). And to the extent Defendants object to the breadth of certain discovery requests, they must address these disputes in the normal course: through meet and confers to attempt narrowing the requests, and if that proves to be unfruitful, bringing the dispute before the Court.

Finally, Defendants' submission conclusorily asserts that a stay is warranted because continuing discovery will require the expenditure of time, money, and judicial resources. (ECF No. 43 at 2) Such burdens are part and parcel of discovery in virtually every civil action and, standing alone, do not establish good cause for a complete stay. Moreover, Defendants fail to articulate why discovery in this action would be unduly burdensome. *See Brawer v. Egan-Jones Ratings Co*., 348 F.R.D. 182 (S.D.N.Y. 2025) (denying a stay after finding "[s]ome burden exists in all discovery" and that the defendant had "not presented specific facts as to burden."); *Configure Partners LLC v. RACI Holdings LLC*, No. 22 Civ. 8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023) (finding second factor militated against a stay where the moving party did not identify any particular burden associated with the production or explain how extensive the responses to document requests might be); *see also Mirra*, 2016 WL 889559, at *2 ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome."). Accordingly, the discovery requests at play and the additional discovery to be conducted pursuant to the Court's Order at ECF No. 32 fall short of creating a burden that would warrant halting discovery in its tracks.

**C. <u>Prejudice to Defendants</u>**

The third factor also weighs against a stay. Defendants argue Plaintiffs will suffer no prejudice because the litigation remains in its early stages. That is, any stay would only result in a delayed resolution of the case. Not so. As it stands, the CCRB continues to disclose the categories of unsubstantiated complaints challenged in this action, and those records may then continue to be uploaded to the 50-a Database, where they remain publicly searchable. Plaintiffs contend that the resulting information cannot later be removed from the database and that CCRB has not agreed to suspend the challenged disclosures during the pendency of this litigation. If true, while this case remains pending, additional officers may become subject to the same alleged injury and the consequences of disclosure may continue to accrue.

The Court, again, expresses no view as to whether Plaintiffs ultimately will establish that the challenged disclosures violate federal and/or state constitutional law. But, for purposes of deciding whether discovery should be stayed in this instance, the relevant point is that Plaintiffs allege a continuing policy producing ongoing effects, rather than a past event for which consequences will remain unchanged during a stay. *See Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018) ("[A] plaintiff's plausible allegations of ongoing harm can weigh against granting a stay of proceedings because of the potential for prejudice in such a circumstance.")

The parties' ongoing settlement discussions do not alter that conclusion. Settlement is contingent, and the possibility that the parties may reach an agreement does not itself constitute good cause to stay otherwise appropriate discovery. In fact, the exchange of discovery is generally conducive to parties resolving actions without judicial involvement.

Accordingly, the considerations above and the need for the Court to ensure cases are promptly adjudicated weigh more strongly against a stay of discovery. *See* Fed. R. Civ. P. 1.

## CONCLUSION

Having carefully considered all the arguments of both sides and for the foregoing reasons, Defendants' motion to stay discovery pending the adjudication of their pending motion to dismiss is DENIED. Discovery will proceed as scheduled at ECF No. 32.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43.**

**SO ORDERED.**

DATED: New York, New York
September 17, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge