USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

---------------------------------------------------------------X

**26-CV-3243 (VSB) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On September 23, 2026, Defendants the City of New York, the New York City Civilian Complaint Review Board ("CCRB"), Sherene Crawford, and Jonathan Darche (collectively, "Defendants") filed an *ex post* request for an extension of time, until October 2, 2026, to serve responses and objections to Plaintiffs' discovery demands. Defendants' responses and objections were originally due on August 31, 2026. Plaintiffs consent to an extension of the deadline for Defendants to serve their responses, but oppose any extension of the deadline to assert objections, contending that those objections have already been waived under Rules 33 and 34 of the Federal Rules of Civil Procedure.

In light of Plaintiffs' consent, Defendants' request for an extension of time to serve their discovery responses is GRANTED. Defendants shall serve their responses no later than **October 2, 2026**.

Defendants have not, however, demonstrated good cause to excuse their untimely objections. Rule 33(b)(4) expressly provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4);

*Labarbera v. Absolute Trucking, Inc.,* No. 08 Civ. 4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Eldaghar v. City of New York Department of Citywide Administrative Services,* No. 02 Civ. 9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). These objections *must* be served within the time prescribed by Rule 34. *See* Fed. R. Civ. P. 34(b)(2)(A) (setting forth that objections to discovery demands are due 30days after the demands are served). As Defendants themselves acknowledge, the filing of a motion to stay discovery does not itself operate as a stay. Accordingly, while their motion to stay discovery remained pending, Defendants continued to be bound by their discovery obligations, including the applicable deadlines for serving responses and objections.

Moreover, Defendants' proffered reasons – counsel's travel, competing professional obligations, and inadvertance – do not constitute good cause for failing to seek an extension before the August 31, 2026 deadline expired. *See Lynch v. Waitman*, No. 94 Civ. 265 (LAK) (BAL), 1995 WL 7991, at *3 (S.D.N.Y. Jan. 10, 1995) ("[T]he press of other business does not amount to good cause for failure to complete discovery,"); *Airline Pros. Ass'n v. ABX Air, Inc.*, 109 F. Supp. 2d 831, 834 (S.D. Ohio 2000) (holding that hat an attorney's "travel schedule" and "length of time out of the office" are "circumstances reasonably anticipated in the legal profession," and that "the failure of an attorney to keep track of judgments and filing deadlines

during a lengthy absence from the office does not constitute excusable neglect."). Defendants' shortcomings are further buttressed by their failure, to date, to serve Rule 26(a) disclosures.[1] Unlike in certain cases where the Court declines to penalize a party for failing to meet a concrete discovery deadline, Defendants have failed to demonstrate that they believed in good faith that they need not have met the August 31 deadline. *See, e.g., Melendez v. Greiner*, No. 01 Civ. 7888 (SAS) (DF), 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2023); *Billups v. West, et. al.,* No. 95 Civ. 1146 (KMW) (HPB), 1997 WL 177897, at *1 (S.D.N.Y. April 11, 1997). Nor were Defendants' actions to remedy this error prompt enough to excuse their untimeliness. *Cf. Beard v. County of Stanislaus*, No. 21 Civ. 841, 2022 WL 2704856, at *6 (E.D. Cal. July 12, 2022) ("Rule 34(b) does not impose a per se waiver penalty for untimely discovery responses" and an inadvertent calendaring error, with prompt action to serve responses after the error was discovered, was sufficient good cause to excuse untimeliness and deny waiver). Indeed, the extension request comes nearly a month after Defendants' responses and objections were due. Defendants therefore have not demonstrated a valid basis to excuse their failure to serve timely objections.

Accordingly, the Court finds that their objections have been waived. *See Paralikas v. Mercedes Benz, LLC*, No. 07 Civ. 918 (ERK) (WDW), 2008 WL 111186, at *1-2 (E.D.N.Y. Jan. 9, 2008) (finding the defendants objections to discovery demands waived as untimely even after responses were given only two days after deadline).

[1] These disclosures are expected to be made alongside Defendants' October 2, 2026 responses to Plaintiffs' discovery demands.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 51.**

**SO ORDERED.**

DATED: New York, New York
September 24, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge