USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC. and PATRICK HENDRY, as President of the Police Benevolent Association of the City of New York, Inc.,

Plaintiffs,

- against -

CITY OF NEW YORK, NEW YORK CITY CIVILIAN COMPLAINT REVIEW BOARD, SHERENE CRAWFORD, in her official capacity as Interim Chair of the New York City Civilian Complaint Review Board, and JONATHAN DARCHE, in his official capacity as Executive Director of the New York City Civilian Complaint Review Board,

Defendants.

---------------------------------------------------------------------- x

26-cv-3243(VSB)(PKH)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. The person or entity (including non-parties) producing ("Producing Party") any information of any kind produced or disclosed pursuant to and in the course of discovery in this action may designate any document or information, in whole or in part, as confidential if Producing Party determines, in good faith, that such designation is necessary to protect its interests, or the interests of a third party to whom a duty of confidentiality is owed, in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party or non-party as confidential will be stamped "CONFIDENTIAL" ("Confidential Information").

2. With respect to deposition transcripts, a Producing Party or Producing Party's counsel may designate portions of the deposition "CONFIDENTIAL" either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of both

question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 14 days of the receipt of the transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "CONFIDENTIAL." During this 14-day period, the entire deposition transcript will be treated as if it had been designated "CONFIDENTIAL."

3. The Confidential Information disclosed will be held and used by the person receiving such information ("Receiving Party") solely for use in connection with this action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the Receiving Party in the form in which it was produced; (iii) information known to the Receiving Party through proper means; or (iv) information obtained by a party from a source other than the Producing Party who is or was rightfully in possession of such information on a non-confidential basis.

6. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other Confidential Information shall not be disclosed to any person, except:

(a) The Parties to this action and their counsel, including in-house counsel;
(b) Employees of such counsel assigned to and necessary to assist in the litigation;
(c) Consultants (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
(d) As to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;
(e) Deposition witnesses, and any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action;
(f) Stenographers engaged to transcribe depositions conducted in this action; and
(g) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

(a) Inform the person of the confidential nature of the information or documents;

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c) As to persons identified in subpart 6(e), require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Receiving Party experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

10. Restrictions on Use of Artificial Intelligence ("AI") to process Confidential or Highly Confidential Information: Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to Confidential Information under the terms of this Order shall not (a) use or employ any "open system" AI application, service, or analytical software that will transfer, transmit, send, or allow unauthorized persons access to Confidential Information of Highly Confidential Information, in whole or in part, including metadata, or (2) permit any Confidential Information of Highly Confidential Information to be used to train any publicly accessible artificial intelligence tool. The parties may utilize private "closed system" AI tools, subject to all other Federal Rules of Civil Procedure, attorney ethical obligations, and the law.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files, pleadings, briefs, motions and other documents filed with the Court, deposition and trial transcripts and exhibits, as well as emails on counsel's email systems, on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena; provided, however, that such person receiving such a request or process shall provide written notice to the Producing Party before disclosure and as soon as reasonably practical, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

STIPULATED AND AGREED.

X Hanh Le
Attorneys for Defendants

Hanh H. Le
Assistant Corporation Counsel

STEVEN BANKS
Corporation Counsel of
the City of New York
100 Church Street
New York, NY 10007
(212) 356-2695

Dated: October 16, 2026

X Matthew Daly
Attorneys for Plaintiffs

Matthew C. Daly

SPENCER FANE LLP
711 Third Avenue
New York, NY 10017
(212) 907-7300

Dated: October 16, 2026

SO ORDERED:

Katharine H Parker
KATHARINE H. PARKER, U.S.M.J.

Dated: New York, NY
October 23, 2026

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_________________________________________

Signed in the presence of:

_________________________________________

(Attorney)